UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE and JANE DOE 2,

       Plaintiffs,                                    Hon. Jane M. Beckering

v.                                                        Case No. 1:25-cv-418

MONTCALM COUNTY SHERIFF'S
DEPARTMENT, et al.,

       Defendants.
_____/

**ORDER**

Plaintiffs, who identify themselves in their pro se complaint as "Jane Doe" and "Jane Doe II," have sued the Montcalm and Kent County Sheriff's Departments, the Michigan State Police, the Kent County Correctional Facility, Kent County Victim Witness Services, and the Michigan Attorney General's Office pursuant to 42 U.S.C. § 1983. Plaintiffs allege that Defendants violated their right to due process under the Fourteenth Amendment by failing to enforce various laws, including Michigan's Sex Offender Registration Act, Mich. Comp. Laws § 28.721, and the Michigan Crime Victims' Rights Act, Mich. Comp. Laws § 780.751, designed to protect Plaintiffs from Offender Doe. (ECF No. 1 at PageID.1–2, 9.) Plaintiffs allege that Jane Doe is Jane Doe II's biological mother and that Offender Doe, Jane Doe's ex-husband and former stepfather of Jane Doe II, sexually abused Jane Doe II. (*Id.* at PageID.5.) Offender Doe is currently charged with Criminal Sexual Conduct against Jane Doe II and possibly other victims in a criminal matter pending in the Kent County Circuit Court that is scheduled for trial in May 2025.

Presently before the Court are Plaintiffs' motion to file Plaintiffs' and Offender Doe's information under seal (ECF No. 2), Plaintiffs' motion to file audio and video exhibits under seal

(ECF No. 5), and Plaintiffs' motion to proceed under pseudonym and for temporary protective order. (ECF No. 10.)

## I. Motion to Proceed Anonymously

Regarding Plaintiffs' request to proceed anonymously, a plaintiff's failure to obtain court approval to proceed in such manner deprives the court of jurisdiction to hear the matter. *See Citizens for a Strong Ohio v. March*, 123 F. App'x 630, 636–37 (6th Cir. 2005) ("Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because . . . 'the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'") (citation omitted). The Federal Rules of Civil Procedure require that "the complaint must name all the parties." Fed. R. Civ. P. 10(a); *see also Ericksen v. United States*, No. 16-cv-13038, 2017 WL 264499, at *1 (E.D. Mich. Jan. 20, 2017) ("The public disclosure of the identities of parties in a lawsuit is required by Federal Rule of Civil Procedure 10(a)."). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980)). This is because "[t]he people have a right to know who is using their courts." *Ericksen*, 2017 WL 264499, at *1 (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)).

Plaintiffs are permitted to proceed anonymously only in exceptional circumstances. *See Citizens for a Strong Ohio*, 123 F. App'x at 636. A court must find that "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Factors that a court should consider include: (1) whether the plaintiff is challenging governmental activity; (2) whether prosecution of the action will compel the

plaintiff to disclose information "of the utmost intimacy;" (3) whether the litigation compels the plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a minor. *Id.* A court must also consider whether the plaintiff's need for anonymity "outweighs prejudice to the opposing party'" *K.S. v. Detroit Pub. Schs.*, No. 14-12214, 2015 WL 13358204, at *3 (E.D. Mich. July 22, 2015) (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)).

The third and fourth factors clearly are not present here, as nothing Plaintiffs allege in their complaint requires them to disclose an intention to violate the law, and Plaintiffs concede that Doe II is no longer a minor. The first factor's application is questionable, as Plaintiffs allege government *inaction* rather than governmental activity, and the Sixth Circuit has observed that this factor is generally applicable only where plaintiffs are forced "to reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment," such as religion. *Porter*, 370 F.3d at 560. However, the second factor has some relevance, as courts have recognized that allegations of sexual abuse constitute information of the utmost intimacy. *See, e.g., Doe v. Athens Cnty.*, No. 2:22-cv-855, 2022 WL 787868, at *1 (S.D. Ohio Mar. 15, 2022) (finding compelling reasons to protect the plaintiff's privacy based on her allegations of sexual and physical abuse by her family when she was a child); *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-cv-00395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021) (noting that "matters of rape and sexual assault involve 'highly sensitive and personal subjects'") (citing *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014)); *Doe v. Streeter*, No. 4:20-cv-11609, 2020 WL 6685099, at *1 (E.D. Mich. Nov. 12, 2020) (finding that the plaintiff's allegations of sexual abuse and inclusion in images of child pornography by the defendant when the plaintiff was a minor constituted a matter "of the utmost intimacy" outweighing the presumption of open judicial proceedings). Given the

allegations regarding Offender Doe's sexual abuse of Jane Doe II when she was a minor, the Court finds that Jane Doe II's privacy interests substantially outweigh the presumption of open judicial proceedings.

As for Jane Doe and Offender Doe, the Court also concludes that they should be allowed to proceed anonymously. While Jane Doe does not complain of having been sexually abused by Offender Doe, she does allege that she is a survivor of domestic abuse by Offender Doe, having been subjected previously to physical and mental abuse and stalked by Offender Doe. (ECF No. 1 at PageID.3.) The potential for such harm is a proper consideration in allowing a plaintiff to proceed anonymously. *See Ramsbottom v. Ashton*, No. 3:21-cv-00272, 2021 WL 2651188, at *6 (M.D. Tenn. June 28, 2021) (noting that "psychological harm to the plaintiff is the type of injury that could justify permitting her to proceed under a pseudonym"). Moreover, disclosure of Jane Doe's identity would increase the likelihood of identification of Jane Doe II. As for Offender Doe, while the case for anonymity may be less compelling, the Court finds it to be appropriate in these circumstances. *See* Eugene Volokh, The Law of Pseudonymous Litigation, 73 HASTINGS L.J. 1353, 1409 (2022) ("Some cases allow pseudonymity for the alleged attacker as well as the alleged victim, if the two are relatives or ex-spouses or ex-lovers, because identifying one would also identify the other, at least to people who had known them.").

Accordingly, **IT IS ORDERED** that Plaintiffs' motion to proceed anonymously (ECF No. 10) is **GRANTED**.

## II. Motions to Seal

Plaintiffs have filed audio and video recordings in support of their complaint that, they represent, contain sensitive victim-identifying information. Plaintiffs thus request that these exhibits be filed under seal until discovery occurs. (ECF No. 5.) In addition, Plaintiffs request that

their personally-identifying information, including names, telephone numbers, and addresses, be filed under seal. (ECF No. 2.) The Court concludes that, at this juncture, sealing of the audio and video exhibits is warranted. Therefore, **IT IS ORDERED** that ECF No. 5 is **GRANTED**. As for Plaintiffs' and Offender Doe's information, the Court also finds sealing proper as to that information, as well. Therefore, **IT IS ORDERED** that ECF No. 2 is **GRANTED**. The Clerk is directed to remove Plaintiff's address from the public docket.

    **IT IS FURTHER ORDERED** that the Clerk shall unseal the complaint (ECF No. 1) and ECF Nos. 5–9.

Dated: April 28, 2025                                                 /s/ Sally J. Berens
                                                                                              SALLY J. BERENS
                                                                                              U.S. Magistrate Judge