UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE, et al.,

    Plaintiffs,

v.

MONTCALM COUNTY SHERIFF'S
DEPARTMENT, et al.,

    Defendants.
_____/

Case No. 1:25-cv-418

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jane Doe and Jane Doe II, proceeding pro se, filed the initial Complaint in this action on April 15, 2025, alleging violations of their rights under federal and state law (ECF No. 1). On April 28, 2025, the Magistrate Judge issued a Report and Recommendation, recommending that the federal claims in this action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915(e)(2) and that the state law claims be dismissed without prejudice (ECF No. 17). Plaintiffs filed objections to the Report and Recommendation (ECF Nos. 18, 19) as well as a motion for leave to voluntarily dismiss certain Defendants and to amend their complaint (ECF No. 21). The Magistrate Judge entered an order granting the motion for leave to voluntarily dismiss certain Defendants and to file an amended complaint, consistent with Rule 15(a)(1) of the Federal Rules of Civil Procedure (ECF No. 23). The Magistrate Judge subsequently granted Plaintiffs' motion for an extension of time to amend their complaint (ECF No. 25). On June 9, 2025, Plaintiffs filed the Amended Complaint (ECF No. 26). As compared with the initial Complaint, the Amended Complaint omits all the original Defendants, adds new Defendants, and adds factual allegations.

The Amended Complaint asserts two compound claims, designated as a substantive due process claim and a procedural due process claim.  On July 7, 2025, the Magistrate Judge issued a Supplemental Report and Recommendation, recommending again that the action be dismissed upon initial screening.  The matter is presently before the Court on Plaintiff's response to the Report and Recommendation, in which Plaintiffs request leave to file a second amended complaint (ECF No. 28). [1]

Federal Rule of Civil Procedure 15(a)(2) provides that where amendment as a matter of course is no longer available, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "the court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Considerations for the district court in granting or denying an amendment include whether there was 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Campfield v. Safelite Grp., Inc.*, 91 F.4th 401, 414 (6th Cir. 2024) (quoting *Foman, supra*).  "A motion to amend is futile 'where a proposed amendment would not survive a motion to dismiss.'" *Banerjee v. Univ. of Tenn.*, 820 F. App'x 322, 329 (6th Cir. 2020) (citation omitted).

Here, Plaintiffs have had an opportunity to amend their complaint to cure pleading deficiencies and, furthermore, were granted an extension to the deadline to do so.  The Amended

---

[1] Also pending before the Court are Plaintiffs' "Motion to Preserve Evidence and Communications" (ECF No. 6), "Motion to Limit Contact and Prevent Retaliation" (ECF No. 8), and "Motion to Block Delay and Stall Tactics" (ECF No. 9).  Because the Court dismisses the amended complaint and closes this case, these motions are properly dismissed as moot.

Complaint again presents pleading deficiencies, as the Magistrate Judge concluded in the Report and Recommendation to which Plaintiffs do not object. In addition, although Plaintiffs state general precepts they will abide to improve their complaint (ECF No. 28 at PageID.141) and reference that they are "trying to establish a pattern of behavior that existed with all agents of Montcalm County and how that pattern of behavior was different than Kent County or Michigan State Police's handling of similar interactions" (ECF No. 28 at PageID.140), they do not identify any concrete, proposed changes that would materially alter the conclusions of the initial or supplemental Reports and Recommendations—particularly in light of the Magistrate Judge's thorough analysis in the supplemental Report and Recommendation of the pleading deficiencies of the equal protection claim that appeared to animate Plaintiffs' Amended Complaint, though it was not expressly plead. And finally, Plaintiffs did not attach a proposed pleading for the Court's review, as the Local Rules require. W.D. Mich. LCivR 5.7(f). Even pro se litigants are obligated to follow both federal and local rules of procedure. For all these reasons, the Court, in its discretion, denies Plaintiffs' motion to file a second amended complaint.

Plaintiffs, in their response, do not otherwise identify any portions of the Report and Recommendation to which objections are made, *see* W.D. Mich. LCivR 72.3(b), and they expressly state that they "do not file this [response] as a formal objection" (ECF No. 28 at PageID.140). The Court does note that the Supplemental Report and Recommendation incorporates the initial Report and Recommendation (ECF No. 27 at PageID.122, 132). Specifically, the Magistrate Judge incorporates her conclusions that: (1) neither of the state statutes Plaintiffs attempt to invoke create enforceable rights in favor of Plaintiffs that could support a due process claim; (2) Plaintiffs lack a due process interest in having Offender Doe arrested or prosecuted and government officials are not obligated to protect citizens from one another; and (3)

inaction is insufficient to support liability under the state-created danger doctrine (*id.* at PageID.132). Therefore, the Court has also reviewed Plaintiffs' initial objections (ECF Nos. 18, 19) to discern whether Plaintiffs raised objections to those conclusions. Plaintiffs did not. Moreover, to the extent Plaintiffs raised objections to portions of the Report and Recommendation that apply only to the initial Complaint, those objections are now moot because the initial Complaint has been superseded. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013).

The Court agrees with the Magistrate Judge that the allegations in the Amended Complaint "set out a disturbing account of events" (ECF No. 27 at PageID.122). However, as the Magistrate Judge concluded, Plaintiffs have not stated a claim under federal law (*id.*). Plaintiffs do not identify any error in this conclusion.

A Judgment will be entered consistent with this Opinion and Order. *See* Fed. R. Civ. P. 58. For the above reasons and because this action was filed *in forma pauperis,* this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Accordingly:

**IT IS HEREBY ORDERED** that the Objections and the request for leave to file a second amended complaint (ECF Nos. 18, 19, & 28) are DENIED and the Report and Recommendation of the Magistrate Judge, as supplemented (ECF No. 17 & 27), is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion to Preserve Evidence and Communications" (ECF No. 6), "Motion to Limit Contact and Prevent Retaliation" (ECF No. 8), and "Motion to Block Delay and Stall Tactics" (ECF No. 9) are DISMISSED AS MOOT.

**IT IS FURTHER ORDERED** that the Amended Complaint (ECF No. 26) is DISMISSED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: July 31, 2025                                   /s/ Jane M. Beckering
                                                      JANE M. BECKERING
                                                      United States District Judge